**Electronically Filed
Supreme Court
SCOT-14-0001069
28-AUG-2014
11:07 AM**

SCOT-14-0001069

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

———————————————————————————————————

FRANCES LATHERS; MERRILL LATHERS; CASSANDRA WYLIE;
BRAD L. COFFEL; KATHLEEN WALKER; ANDREW LEO; and
AMERICAN CIVIL LIBERTIES UNION OF HAWAIʻI, Plaintiffs,

vs.

NEIL ABERCROMBIE, in his official capacity as the Governor of the
State of Hawaiʻi; DAVID M. LOUIE, in his official capacity as the
Attorney General of the State of Hawaiʻi; SCOTT NAGO, in his
official capacity as Chief Election Officer for the State of
Hawaiʻi; and STEWART MAEDA, County Clerk, Office of Elections,
County of Hawaiʻi, Defendants.

———————————————————————————————————

ORIGINAL PROCEEDING

<u>ORDER GRANTING MOTIONS TO DISMISS</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of (1) Plaintiffs' Complaint, filed on August 21, 2014, (2) Plaintiffs' First Amended Complaint, filed on August 22, 2014, (3) Defendants Governor Neil Abercrombie, Attorney General David Louie, and Chief Election Officer Scott Nago's Motion to Dismiss, filed on August 25, 2014, (4) Defendant County of Hawaiʻi County Clerk Stewart Maeda's Motion to Dismiss, filed on August 25, 2014, (5) Plaintiffs' Memorandum in Opposition to the Motions to Dismiss and Motion for Permanent Injunctive Relief, filed on August 25, 2014, and the record herein, we find as follows:

In the Complaint and First Amended Complaint, Plaintiffs ask the court to: (1) issue a declaratory judgment that HRS § 11-92.3 is unconstitutional; (2) issue a declaratory judgment that Defendants' actions in response to Hurricane/Tropical Storm Iselle infringed upon Plaintiffs' right to vote; (3) require Defendants to allow Plaintiffs and any other registered voter who did not cast a vote due to the storm to vote no later than September 20, 2014, and to notify the voters in the most effective methods of the new election date; (4) enjoin Defendants from certifying the primary election results or, in the alternative, rescind any certification of the primary election results; and (5) award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws.

Plaintiffs concede that their complaint is "not a typical 'election contest'" within the meaning of HRS §§ 11-172 (2009) or 11-173.5 (2009) and that they do not meet the statutory requirements for an election contest. Further, the court does not have jurisdiction under the statutory and constitutional provisions cited in the Complaint and First Amended Complaint to grant the relief requested. Therefore,

IT IS HEREBY ORDERED that the motions to dismiss are granted. The complaint and first amended complaint are dismissed.

DATED: Honolulu, Hawaiʻi, August 28, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2